IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MASCHOFF BRENNAN GILMORE ISRAELSEN & MAURIEL LLP, a Utah limited liability partnership,<br><br>    Non-party in underlying action and target of subject subpoena,<br><br>v.<br><br>VOLTAGE, LLC, a North Carolina limited liability company, and NINGBO VOLTAGE SMART PRODUCTION CO., a Chinese business organization,<br><br>    Defendants in underlying action and issuers of subject subpoena. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER<br><br>Case No. 2:25-mc-01070-TS-DAO<br><br>District Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero<br><br>Underlying Action:<br>*Shoals Technologies Group, LLC v. Voltage, LLC and Ningbo Voltage Smart Production Co.*,<br>Case No. 1:25-cv-00026-MFU-JLW<br>(M.D.N.C.) |

This matter is before the Court on Defendants Voltage, LLC's and Ningbo Voltage Smart Production Co.'s Motion to Transfer.[1] For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

In *Shoals Technologies Group, LLC v. Voltage, LLC, et al.*, No. 1:25-cv-00026-MFU-JLW (the "Underlying Action"), Shoals Technologies Group, LLC ("Plaintiff" or "Shoals") is suing Voltage, LLC and Ningbo Voltage Smart Production Co. ("Defendants" or "Voltage") for alleged patent infringement in the U.S. District Court for the Middle District of North Carolina (the "Issuing Court"). Maschoff Brennan Gilmore Israelsen & Mauriel LLP ("Maschoff Brennan" or "Petitioner") represents Shoals in various patent related issues before the

---

[1] Docket No. 4.

International Trade Court (ITC), United States Patent and Trademark Office (USPTO), and other federal district courts.

In the Underlying Action, Defendants seek to have the asserted patents declared unenforceable based on the equitable defense of unclean hands and alleged inequitable conduct by Petitioner. Defendants served a subpoena on nine of Plaintiff's attorneys, including Maschoff Brennan and three of its partners, seeking depositions and requests for production of documents. Plaintiff Shoals moved to quash the depositions and document requests, and limit Voltage's discovery to Shoals to non-privileged factual information relevant to the patent-enforcement at hand.[2] After briefing and a hearing on November 12, 2025, the Issuing Court granted in part and denied in part Plaintiff's motion to quash and permitted the depositions and written discovery to proceed in a limited fashion.[3] However, as further discussed below, the parties' interpretations of that order differ with respect to the extent and scope of permitted depositions and written discovery.[4]

After the Issuing Court's order, Voltage served an amended subpoena on November 14, 2025, and chose to depose two Maschoff Brennan attorneys. However, days before the depositions were to occur, Voltage dropped the request to depose one of the attorneys and instead demanded to depose Maschoff Brennan under Federal Rule of Civil Procedure 30(b)(6). Voltage's amended subpoena also included requests for document production.

---

[2] Docket No. 1-3.

[3] *See* Docket No. 1-4, at 8 ("Voltage may depose no more than two of the people whose depositions Shoals's Motion to Quash seeks to prevent. Each deposition shall last no more than three hours and must be completed on or before November 20, 2025. The Court does not limit the scope of the questions that may be asked at the depositions.").

[4] *See* Docket No. 8, at 5–6; *see also* Docket No. 9, at 5–6.

Subsequently, on November 23, 2025, Petitioner filed a Motion to Quash in this Court (Docket No. 1) pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii)–(iv) seeking to quash the depositions and document requests, and limit Defendants' discovery to non-privileged factual information related to the underlying patent dispute. Petitioner argues the subpoena, as amended, is onerous, privilege-invading, and exceeds the scope of the ruling made by the Issuing Court.

On November 25, 2025, Defendants filed a Motion to Transfer Petitioner's Motion to Quash[5] back to the Issuing Court and a Motion to Expedite briefing on the Motion to Transfer.[6] The Court granted the Motion to Expedite on November 25, 2025.[7] Petitioner's filed their Response[8] on December 2, 2025, and Defendants filed their Reply[9] on December 4, 2025. The matter is now fully briefed and ripe for decision.

## II. ANALYSIS

Where, as here, compliance is required in a District that did not issue the subpoena, Federal Rule of Civil Procedure 45 states that the compliance court "may transfer a motion . . . to the issuing court . . . if the court finds exceptional circumstances."[10] The compliance court must consider: (1) any "burdens on local nonparties subject to subpoenas," (2) whether transfer would "avoid disrupting the issuing court's management of the underlying litigation," and (3) "[whether the issuing] court has already ruled on issues presented by the motion."[11]

---

[5] Docket No. 4.
[6] Docket No. 7.
[7] Docket No. 6.
[8] Docket No. 8
[9] Docket No. 9.
[10] Fed. R. Civ. P. 45(f).
[11] Fed. R. Civ. P. 45 Advisory Committee's Notes on Rules 2013 Amendment.

Courts in this district have found that exceptional circumstances justifying transfer exist where, as here, the issuing court has already "ruled on issues presented by the motion"[12] and "issued discovery-related orders."[13] Additionally, in this analysis, courts have found the fact "a jury trial [is] scheduled to . . . commence[]" as "compelling."[14] Accordingly, without addressing the underlying merits of Petitioner's Motion to Quash, the Court finds that exceptional circumstances exist that warrant transfer of the Motion to the U.S. District Court for the Middle District of North Carolina.

First, transfer would properly avoid disrupting the Issuing Court's management of the Underlying Action, as parties are adhering to a tight schedule.[15] The Issuing Court, in allowing two depositions to move forward, ordered that they be taken on or before November 30, 2025. There is a bench trial set to begin February 26, 2026, on the issue of Defendants' equitable defenses, with the close of fact discovery on December 31, 2025, and witness lists and deposition designations due January 16, 2026.[16] There is also a jury trial scheduled to begin on August 24, 2026.[17] If this Court were to decline to transfer Petitioner's Motion to Quash, it would likely cause additional delays in the Underlying Action's current schedule, including discovery, pretrial, and trial deadlines. Transferring the Motion would enable the Issuing Court to minimize any

---

[12] *Kompan v. Gametime*, No. 1:24-MC-00083-TS-JCB, 2024 WL 3358225, at *1 (D. Utah July 8, 2024).

[13] *Fortson v. Garrison Prop. & Cas. Ins. Co.*, No. 2:21-MC-00588, 2022 WL 111068, at *2 (D. Utah Jan. 12, 2022).

[14] *Id.*

[15] *See* Docket No. 4-1.

[16] *Id.*

[17] *Id.*

4

further disruptions to that schedule, including the next steps regarding the now-passed deadline for depositions.

Second, in the course of the Underlying Action, the Issuing Court has already ruled on substantially similar discovery disputes and is "in a better position to rule on the [M]otion due to its familiarity with the full scope of the issues involved."[18] In its Motion to Quash, Shoals asked the Issuing Court to stop or limit the scope of the depositions and requests for production on the grounds that the information sought was either irrelevant or privileged. The Issuing Court's order permitted Voltage to depose two people whose deposition Shoals' motion sought to stop,[19] and addressed Shoals' privilege concerns by ordering that, to the degree the information sought is privileged, Shoals should produce a privilege log.[20] The Issuing Court also held that certain interrogatories could proceed after finding that such requests were relevant, proportional, not privileged, and not unduly burdensome.[21]

Likewise, here, Petitioner seeks to quash Defendants' amended subpoena, as limited by the Issuing Court's ruling, by arguing the information sought is privileged, not relevant or proportional, and production would be intrusive and onerous. These arguments were already before the Issuing Court on Shoals' motion, and the general substance of each motion is substantially the same, namely, the scope, timing, and relevance of Voltage's depositions and written discovery requests.

---

[18] *Fortson*, 2022 WL 111068, at *2 (internal quotation marks and citation omitted) (cleaned up).

[19] Docket No. 1-4, at 8.

[20] *Id.* at 7, n.2.

[21] *Id.* at 6–7.

Petitioner argues that there are new and additional issues raised in their Motion that warrant denial of transfer: Petitioner's own unique privilege interests, as opposed to Shoals', and that Voltage's amended subpoena exceeds the scope of the Issuing Court's order. While Petitioner is correct that, here, the party asserting the privilege is different, the nature of the privilege argument is the same as Shoals' and is made in response to a subpoena that the Issuing Court has already substantially ruled on.

Petitioner also asserts that Defendants' last-minute attempt to swap one deposition for a 30(b)(6) deposition of Maschoff Brennan is improper and that the subpoena, as amended, pursues requests for production that the Issuing Court did not authorize.[22] To the contrary, Defendants argue that the Issuing Court's order expressly allows for the 30(b)(6) deposition of Maschoff Brennan and broadly permits written discovery, whether those documents are held by Shoals or Petitioner. The Court views these disputed interpretations as weighing in favor of transfer. The best court to determine whether Defendants' attempted deposition of Maschoff Brennan and additional document requests are properly within the scope of the Issuing Court's order, is the Issuing Court. Accordingly, transferring Petitioner's Motion minimizes the likelihood of "divergent rulings"[23] while ensuring "efficient and uniform resolution."[24]

Third, with regard to any burden that transfer would impose, Petitioner makes no argument on this factor. The Court finds that the risk of burdening the nonparty is low. In *Fortson v. Garrison Property and Casualty Insurance Company*, the court found that such risk was low because the nonparties were "large companies with national, or even a global,

---

[22] Docket No. 1, at 3.
[23] *Kompan*, 2024 WL 3358225, at *2.
[24] *Fortson*, 2022 WL 111068, at *2.

presence."[25] The court also noted that the nonparties had retained well-known law firms that "litigate lawsuits in many courts across the nation . . . [and] assist in discovery production in many actions even though their clients may be located in one state and required to produce documents to an entity in another state."[26] Likewise, here, Petitioner has a national presence and has experience in litigation and discovery production across different courts and states. Additionally, Defendants have proposed that once transferred, they could resolve the Motion to Quash with a teleconference pursuant to Issuing Court's Local Rule 37.1(b).[27]

Lastly, Petitioner asks the Court, in the event of transfer, to preserve its objections under DUCivR 30-2(b) which gives an entity 7 days from being served with a subpoena to serve written objections. Petitioner argues that Defendants' last-minute change in deponents would have deprived Petitioner of the time fixed by the rule to raise those objections. The Court declines to preserve Petitioner's objections under DUCivR 30-2(b). Petitioner cites no legal authority supporting preservation, and declining to do so is consistent with the rationale for transfer and avoids unnecessary procedural complexity and inconsistent rulings.

IV. CONCLUSION

It is hereby

ORDERED that Defendants' Motion to Transfer (Docket No. 4) is GRANTED.

---

[25] *Id*.

[26] *Id*.

[27] Docket No. 9, at 3.

Dated this 16th day of December, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge